**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

B.A. CONSTRUCTION & MANAGEMENT,
INC., a Michigan corporation and B.A. REAL
ESTATE, L.L.C., a Michigan limited liability
company,

       Plaintiffs/Counter-Defendants,

-vs-

CASE NO. 04-73910

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

KNIGHT ENTERPRISES, INC.,
a Michigan corporation,

       Defendant/Counter-Plaintiff,

and

KNIGHT ENTERPRISES, INC.,
a Michigan corporation,

       Third Party Plaintiff,

-vs-

BELAL ABDALLAH, an individual, LOUBNA
ABDALLAH, an individual, NABIL BERRY,
an individual, and HALA BERRY, an individual,

       Third Party Defendants.

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER GRANTING PLAINTIFFS B.A. CONSTRUCTION & MANAGEMENT AND B.A. REAL ESTATES L.L.C.'S MOTION FOR SUMMARY JUDGMENT FOR LIABILITY AS TO PLAINTIFF'S COMPLAINT (DOCK. NO. 82)**

Now before the Court is Defendant's October 10, 2006 Amended Motion to Clarify the

1

Court's April 11, 2006 Opinion and Order (hereinafter "Motion for Reconsideration"). The Court construes this motion as an out-of-time Motion for Reconsideration of the Court's April 11, 2006 Opinion and Order.

The specific facts of the case are as set forth in *B.A. Constr. & Mgmt. v. Knight Enters.*, 2006 U.S. Dist. LEXIS 18381 (E.D. Mich. Apr. 11, 2006) (unpublished). In that order, the Court granted Plaintiffs' Motion for Summary Judgment as to liability. On April 19, 2006, the Court denied Third Party Defendants Belal Abdallah, Loubina Abdallah, Nabil Berry, and Hala Berry's Motion for Summary Judgment as to Defendant/Third Party Plaintiff Knight Enterprises' Third Party Complaint. (Docket No. 70). The Court noted in the April 19, 2006 opinion and order that since the Court previously found that Plaintiffs were not liable to Defendant (*See* Docket No. 69), Defendant had no claims against the Third Party Defendants by way of their guarantees.

The Court clarified its April 11, 2006 opinion and order in an order dated July 12, 2006 (Dock. No. 73), stating that the opinion and order did not dispose of Defendant/Third Party Plaintiff's Counterclaim, alleging breach of contract and requesting damages. However, the Court indicated that the issues included in the Counterclaims related to the damages that will be presented at a jury trial on Plaintiffs' claims, "and is thus intertwined with Plaintiff's damages request, and Defendant/Third Party Plaintiff's responses to those damage claims." In short, the Court found that Defendant was liable on Plaintiffs' claims, but could possibly offset the damages shown by Plaintiffs by a showing of its damages related to its Counterclaim.

On October 10, 2006, Defendant filed its Motion for Reconsideration, and its Amended Motion for Reconsideration. Plaintiffs responded on October 24, 2006.

Defendant argues that questions remain whether: (1) Plaintiffs breached the parties'

agreements by writing checks with insufficient funds to Defendant's first three full loads; (2) Plaintiffs' misrepresentations regarding its historical sales volume are actionable; (3) Plaintiffs sold misbranded fuel and whether that misbranding justified immediate termination of the franchise agreement under the PMPA; and (4) Defendant is a franchisor under the PMPA.

Plaintiffs respond that the April 11, 2006 opinion and order is clear and that Defendant is asking for reconsideration of the above issues.

Pursuant to Rule 7.1(g)(3) of the Local Rules for the Eastern District of Michigan, a motion for rehearing or reconsideration may be filed within ten days after the entry of the decision to which it objects. *See also* Fed. R. Civ. P. 59(e) (allowing a party to file a Motion to Alter or Amend Judgment within ten days of entry of the Judgment). A motion for reconsideration will be granted if the moving party demonstrates that the court's order contains "a palpable defect by which the court and parties have been misled," and that "correcting the defect will result in a different disposition of the case." L.R. 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest or plain. *Marketing Displays, Inc. v. Traffix Devices, Inc*., 971 F. Supp. 262, 278 (E.D. Mich. 1997) (internal citation omitted).

The Court finds that its April 11, 2006 opinion and order is clear. The Court also finds that Defendant failed to demonstrate that the Court's opinion and order contained a palpable defect which would result in a different disposition of the case.

Alternatively, the Court concludes that Defendant's motion is not timely, and therefore denies consideration and relief.

Accordingly, the Court DENIES Defendant's Motion for Reconsideration of this Court's Order granting Plaintiffs' Motion for Summary Judgment for Liability as to Plaintiffs'

Complaint.

**SO ORDERED**.

                                        s/Paul D. Borman
                                        PAUL D. BORMAN
                                        UNITED STATES DISTRICT JUDGE

Dated:  November 20, 2006

                            CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on November 20, 2006.

                                        s/Denise Goodine
                                        Case Manager