**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

B.A. CONSTRUCTION & MANAGEMENT,
INC., a Michigan corporation and B.A. REAL
ESTATE, L.L.C., a Michigan limited liability
company,

       Plaintiffs/Counter-Defendants,

                                          CASE NO.  04-73910

-vs-

                                          PAUL D. BORMAN
                                          UNITED STATES DISTRICT JUDGE

KNIGHT ENTERPRISES, INC.,
a Michigan corporation,

       Defendant/Counter-Plaintiff,

and

KNIGHT ENTERPRISES, INC.,
a Michigan corporation,

       Third Party Plaintiff,

-vs-

BELAL ABDALLAH, an individual, LOUBNA
ABDALLAH, an individual, NABIL BERRY,
an individual, and HALA BERRY, an individual,

       Third Party Defendants.
_____/

**OPINION AND ORDER:
(1) DENYING DEFENDANT KNIGHT ENTERPRISES, INC.'S MOTION FOR LEAVE
TO FILE FIRST AMENDED ANSWER (DOCK. NO. 93); AND
(2) DENYING KNIGHT ENTERPRISES, INC'S MOTION FOR LEAVE TO AMEND
ITS ANSWER (DOCK. NO. 101)**

       The facts of the instant case are set forth in *B.A. Construction & Management, Inc. v.*

*Knight Enterprises, Inc*., Case No. 04-73910, 2006 WL 932307 (E.D. Mich. Apr. 11, 2006)

1

(unpublished). On November 3, 2006, Defendant filed the instant Motion for Leave to File First Amended Answer (Dock. No. 93). Plaintiffs responded on November 10, 2006. (Dock. No. 96).

In this motion, Defendant Knight Enterprises argues that it is not a "franchisor" under the Petroleum Marketing and Practices Act ("PMPA"). More specifically, Defendant alleges that its relationships with Plaintiffs B.A. Construction and B.A. Real Estate, are not "franchise relationship[s]," as defined under the PMPA. Defendant contends that it should be able to amend its answer under Federal Rule of Civil Procedure 15, which states that a party shall be give leave freely when justice requires. Defendant asserts that the mere potential for prejudice is only grounds for denying leave to amend if the opponent demonstrates substantial prejudice. Defendant believes that Plaintiffs cannot show prejudice.

Plaintiff responds that Defendant now seeks to amend its October 29, 2004 Answer, more than two years from the date it was filed and well after discovery has closed. Plaintiff points out that Defendant had an earlier chance to contest this issue in its response to the Plaintiffs' Motion for Summary Judgment, but did not. Plaintiff asserts that Defendant has operated as a dealer/distributor within the industry for years and clearly understands the PMPA, the definition of franchisor under the PMPA, and what constitutes a franchise agreement under the PMPA. Plaintiff asserts that the Motor Fuel Franchise Agreement even states that the relationship between Defendant and Plaintiffs is a franchise.

Plaintiffs also argue that Defendant is acting in bad faith and is trying to delay the trial that was set for November 28, 2006, (*See* Dock No. 75), at the time Defendant filed its motion.[1]

---

[1] The trial date was subsequently rescheduled for March 13, 2007, due to Plaintiff's inability to obtain documents regarding Defendant's finances.

Plaintiffs believe that they will suffer significant undue prejudice if the Court were to grant Defendant's request.  Plaintiffs support their position by arguing that the trial would have to be adjourned, discovery would have to be reopened for two to four months, Plaintiffs may have to file an Amended Complaint naming CITGO as a defendant for their violation of the PMPA, and then additional discovery would have to be granted to CITGO.  Plaintiffs assert that the result could be an extension of the case another two years.

The Court denies Defendant's Motion for Leave to Amend Its Answer.  While Defendant argues that mere claims of prejudice are insufficient, the Court finds that Plaintiffs would be substantially prejudiced.  Defendant answered the Complaint on October 29, 2004.  Defendant did not file the instant motion until November 3, 2006, twenty-six days before trial was originally scheduled to begin.  Defendant did not make this argument before this Court in its November 10, 2005 Response to Plaintiffs' Summary Judgment Motion (Dock. No. 60) or in its January 16, 2006 Supplemental Response to Plaintiffs' Summary Judgment Motion (Dock. No. 64).  This Court can only guess as to why it took Defendant over two years to figure out two important aspects of its relationship with Plaintiffs.  However, to allow an amended at the eleventh hour is unjust and would unduly prejudice Plaintiffs.

Indeed, if the Court allowed Defendant to amend its Answer, Plaintiffs would need to discover whether Defendant's assertion is correct.  The possibility then exists that Plaintiffs may add CITGO as a party.  If that were to happen, additional discovery would be necessary.  Simply put, an amendment to Defendant's Answer would postpone trial indefinitely in a case that was filed over two years ago.

At this point, Defendant assertion that it is not a franchisor is questionable.  All of the

agreements were between Plaintiffs and Defendant. There is no evidence in the record that Plaintiffs executed any type of agreement with CITGO or dealt directly with CITGO. Additionally, although Defendant did not have the authority to permit a retailer to carry the CITGO mark, it had the authority, per the Motor Fuel Franchise Agreement, to decide which trade name or trademark was displayed at the site.

> Dealer shall, in the conduct of the Dealer's business on the property prominently display any trade name or trademark *specific by* Knight, *which may at any time be changed by* Knight and *shall not remove them without the prior written consent* for Knight. For the purpose of the Agreement, Knight's trademarks or trade names shall also include any of those granted to Knight's use by Knight's Supplier agreements.

(Def.'s Mot. Summ. J. Ex. 1, Motor Fuel Franchise Agreement ¶ 6) (emphasis added). It appears from this clause that it was Defendant's sole decision as to what branding to pursue at this location. Further, Defendant could have, at any time, removed the branding and replaced it with another trademark of its choosing.

"A party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed R. Civ. P. 15. As such, this Court, in its discretion and for the reasons stated above, denies Defendant Knight's Motion for Leave to File First Amend Answer.

Additionally, on December 20, 2006, Defendant filed a second Motion for Leave to Amended Its Answer. (Dock. No. 101). In its brief, Defendant argues that since the trial date was pushed back ninety days, the circumstances upon which surrounded Defendant's first Motion to Amend have changed. The Court disagrees. For the reasons stated above, the Court denies Defendant Knight's Second Motion for Leave to Amend Its Answer.

**IT IS HEREBY ORDERED** that Defendant Knight's Motion for Leave to File First

Amended Complaint is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Knight's Second Motion for Leave to Amend Its Answer is also **DENIED**.

                                            s/Paul D. Borman
                                            PAUL D. BORMAN
                                            UNITED STATES DISTRICT JUDGE

Dated: January 25, 2007

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on January 25, 2007.

                                            s/Denise Goodine
                                            Case Manager